Wilkinson et als. vs. Sheriff.

## No. 12,869.

### JAMES WILKINSON ET ALS. AND P. F. HERWIG, VS. WILLIAM LANGRIDGE, SHERIFF, ET AL. (CONSOLIDATED).

### SYLLABUS.

1. Grand Isle and Grand Terre Island, lying in the waters of the Gulf of Mexico, held not included within the limits of the Lafourche Levee District.
2. Had the Legislature so intended it would have evinced its purpose clearly and unmistakably.
3. Not the intention of this decision to establish a precedent under which exemption of all islands from levee taxes may be claimed.
4. Cases arising involving the question of exemption as affecting other islands will be dealt with upon the situation and on the facts and circumstances as then presented.

ON APPEAL from the Twenty-First Judicial District Court for the Parish of Jefferson. *Rost, J.*

*James Wilkinson, E. Howard McCaleb, Edwin H. McCaleb, Jr.,* and *John Dymond, Jr.,* for Plaintiffs and Appellants.

*Robert J. Perkins,* District Attorney, for Tax Collector, Defendant, Appellee.

*Robert N. Sims* for Board of Levee Commissioners Lafourche Basin Levee District, Defendant and Appellee.

Argued and submitted January 13, 1899.
Opinion handed down January 23, 1899.

The opinion of the court was delivered by

BLANCHARD, J.   Plaintiffs are owners of parts of Grande Isle and Grande Terre Island lying in the waters of the Gulf of Mexico. Where these islands are situated there is an extensive inlet or arm of

the Gulf, part of which is called Barataria Bay, part Bay Des Ilettes, and part Caminado Bay.

At the entrance to these bays from the gulf lie the islands named. So that on one side they are washed by the waters of the gulf proper, on the other by the waters of the bays.

The islands pertain to the territorial jurisdiction of the parish of Jefferson.

The question raised in these suits is whether the islands are subject to the levee taxes authorized by Act No. 13 of the Acts of 1892, especially by Sections 8 and 9 of said act.

The act referred to is the one creating "the Lafourche Basin Levee District." By Act No. 100 of the Acts of 1892, which redefines its limits making a slight change in the same, it is styled "the Lafourche Levee District."

The tax-collector and the Board of Levee Commissioners insist that the islands are within the limits of the Levee District and the property thereon subject to payment of levee taxes.

The contention of the plaintiffs, property holders and tax-payers, is the reverse. They declined to pay the levee taxes, and were proceeded against by the tax-collector, who, pursuant to law, advertised the property for sale.

Whereupon plaintiffs brought the present suits, enjoining the sale and praying that their property on the islands be decreed not subject to the imposition of levee taxes.

The judgment below was against them, holding the islands subject to the levee taxes, and dissolving the injunction restraining collection of same.

Plaintiffs appeal.

The first question naturally arising is: Are the islands included within the limits of the Lafourche Levee District?

While the pleadings may not present this question as an issue with clearness and precision, there was testimony relating to the same, received without objection, and it was insisted on by plaintiff's counsel in argument. It is considered to be properly before the court for its determination.

Act No. 100 of the Acts of 1892 defines the limits of the District.

There are embraced within it all the parishes and parts of parishes, except the parish of Orleans, lying in the district of country between the Bayou Lafourche, the Mississippi River and the Gulf of Mexico.

As thus defined, the Levee District includes, the statute declares, a portion of the following parishes, viz.: Ascension, St. James, St. John, St. Charles, Jefferson, Plaquemine to the lower line of Riceland plantation, Assumption and Lafourche, as far down as the lower limits of Harrang Canal on Bayou Lafourche.

The intention of the statute is to place within the district the country between the Bayou Lafourche, the Mississippi River *and the Gulf of Mexico,* subject to the later and succeeding modification as to certain parishes or parts of parishes. It was not the intention to include islands, like these under consideration, lying *in the Gulf of Mexico.*

Grande Isle and Grande Terre Island, bounded on one side by the gulf proper and surrounded by its waters, must be held to lie *in the Gulf* and, hence, not included in the description, "district (of country) between the Bayou Lafourche, the Mississippi River and the Gulf of Mexico."

Had the General Assembly, in enacting the Levee District act, intended the islands in the Gulf to be within the limits of the District and subject to levee taxes, it would have evinced its purpose clearly and unmistakably.

There may be islands, within the ordinary definition of that term, surrounded by interior waters only, that are within the limits of the Levee District.

We are concerned now with Grande Isle and Grande Terre Island only, and are not to be considered as establishing a precedent under which exemption of all islands from levee taxes may be claimed. Should cases arise involving the question of exemption as affecting other islands, we will deal with the same upon the situation and on facts and circumstances as then presented.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from decreeing the property of plaintiffs situated on Grande Isle and Grande Terre Island, Parish of Jefferson, subject to the levee taxes claimed by the commissioners of the Lafourche Levee District for the year 1893, under the provisions of Act No. 13, of 1892, be annulled, avoided and reversed, and it is now ordered and adjudged that their said property on the islands named be held not included within the limits of the Lafourche Levee District and not subject to the taxation authorized by the act creating the Levee District.

It is further ordered, etc., that the writ of injunction herein sued

out be sustained and perpetuated, and that costs of both courts be taxed against defendant and appellee.